UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| BROADCAST MUSIC, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | CV 01-BU-1593-E |
| ENTERTAINMENT COMPLEX, INC. d/b/a DEE FORDS; DEWEY D. LANKFORD, | ) ) ) ) | |
| Defendants. | ) ) | |

ENTERED

APR 2 3 2002

## Memorandum Opinion

Broadcast Music, Inc. ("BMI") and copyright owners of various compositions[1] (hereinafter referred to collectively as "Plaintiffs") bring this action against Entertainment Complex, Inc. d/b/a Dee Fords ("Entertainment Complex") and Dewey D. Lankford ("Lankford") (hereinafter referred to collectively as "Defendants"), alleging copyright infringement pursuant to 17 U.S.C. § 101 et seq. Now before the Court is Plaintiffs' motion

---

[1]In addition to BMI, the other plaintiffs are: Sony/ATV Songs L.L.C.; Abkco Music, Inc.; Warner-Tamerlane Publishing Corp.; elekylum Music, Inc.; No Surrender Music, a division of Praxis International Communications, Inc.; Acuff-Rose Music, Inc.; House of Bryant Publications, L.L.C.; Vince Grant Gill d/b/a Vinny Mae Music; EMI Blackwood Music, Inc.; and Dennis N. Linde d/b/a Rising Gorge Music.



for summary judgment, filed December 4, 2001 (Doc. 11), as it pertains to Plaintiffs' claims against Lankford.[2]    Upon consideration of the record and the arguments of counsel, the Court concludes that Plaintiffs' motion for summary judgment (Doc. 11) is due to be **GRANTED** as to the claims against Lankford.    The Court further finds that Lankford is due to be held jointly and severally liable with Entertainment Complex to pay Plaintiffs a statutory damages award of $43,000.00 pursuant to 17 U.S.C. § 504(c), and that Plaintiffs are entitled to an injunction prohibiting Lankford from future violations, as well as to an award of costs and reasonable attorney fees.

I.    BACKGROUND AND PROCEDURAL HISTORY

Under the Copyright Act, the owners of copyrights in musical compositions possess the exclusive right to authorize public performances of their works.    See 17 U.S.C. § 106(4).    The record shows that BMI is a nonprofit "performing rights society" that licenses the right to publicly perform copyrighted musical works on behalf of the copyright owners of these works.    BMI enters into

---

[2]The Court has previously resolved Plaintiff's summary judgment motion as it involves Entertainment Complex. On January 11, 2002, the Court entered an order granting Plaintiffs' motion for summary judgment in its entirety and entering judgment against both Defendants. Subsequently, however, the Court granted a Fed. R. Civ. P. 60(b) motion filed by Defendant Lankford to set aside the judgment as to him. Entertainment Complex did not similarly seek relief under Rule 60(b), so the Court's above-referenced judgment is still intact as to Entertainment Complex.

agreements with copyright owners, such as music publishing companies and independent composers, whereby BMI acquires non-exclusive public performance rights. BMI has entered into such agreements with the other Plaintiffs, who are the copyright owners of the musical works that are the subject of this action. In turn, BMI grants to music users, such as broadcasters, nightclubs, and restaurants, the right to publicly perform any of the works in BMI's repertoire by means of blanket license agreements. BMI distributes that money that it receives from the licensing agreements as royalties to its affiliated publishers and composers, after deducting operating expenses and reasonable reserves.

Defendant Entertainment Complex is an Alabama corporation that operates an establishment located in Anniston, Alabama, known as "Dee Fords." Performances of live and recorded music are regularly featured at Dee Fords. Lankford is the sole shareholder and principal officer of Entertainment Complex.

BMI learned that Defendants were offering musical entertainment at Dee Fords without a license from BMI and without permission from the copyright owners whose music was being publicly performed. On September 13, 1999, BMI sent a letter to Dee Fords advising that a license was required and enclosing an information brochure and a BMI licensing agreement containing a license fee schedule. There was no response. BMI sent additional letters and

agreements on November 9, November 16, December 14, and December 17, 1999, as well as on January 3, March 3, and December 6, 2000, and on May 8, 2001, but no response was received on these occasions either.

On April 24, 2000, BMI sent Defendants a letter instructing them to cease the public performance of BMI-licensed music. Nevertheless, public performances of BMI-licensed music continued at Dee Fords after that date, and performance of songs owned by Plaintiffs were noted by a BMI investigator on July 29 and 30, 2000.

Plaintiffs commenced this action on June 25, 2001, alleging that Defendants were liable on eleven claims of copyright infringement, based upon Defendants' unauthorized public performance of that number of musical compositions from the BMI repertoire on July 29 and 30, 2000.  September 10 and 13, 2000, counsel for Entertainment Complex and Lankford filed identical answers on behalf of each of his respective clients, denying all liability.  Neither in their pleadings nor thereafter did Plaintiffs or Defendants demand a jury trial.

On December 4, 2001, Plaintiffs filed the instant motion for summary judgment on all claims, along with a supporting brief and evidence.  In addition to claiming in its summary judgment brief that there was no genuine issue of material fact as to each element

of liability on their infringement claims, Plaintiffs expressly argued that the Court should award injunctive relief against future violations and $43,000 in statutory damages under 17 U.S.C. § 504(c), together with costs and reasonable attorneys' fees. As to the amount of statutory damages, BMI specifically argued that $43,000 would be an appropriate award, claiming (1) that the evidence showed that Defendants had continued to have public performances of BMI-licensed music even after receiving numerous notices from BMI that such performances were infringing and a license agreement was required; (2) that Defendants would have owed BMI $14,361.35 in license fees for November 1999 through October 2001, and (3) that a number of courts had held that an award of three times the amount of unpaid license fees was generally viewed as appropriate measure of damages.

Defendants failed to file any materials in response to Plaintiffs' motion for summary judgment within the time prescribed by the Court's Fed. R. Civ. P. 16(b) Scheduling Order, entered in on September 14, 2001. See Doc. 9. After reviewing the materials in the record and the Plaintiffs' arguments, the Court entered an order on January 11, 2002, granting Plaintiffs' motion in its entirety and awarding judgment against both Defendants. See Doc. 14. In that order of judgment, the Court granted all the relief sought by Plaintiffs, including a finding that the Defendants were

jointly and severally liable to pay the requested $43,000 in statutory damages. Such sum amounted to $3,909.09 for each of the 11 musical compositions whose copyrights Defendants were shown to have violated, and it also fit within the minimum and maximum statutory damages permitted under 17 U.S.C. § 504(c)(1), $750-per-copyrighted-work and $30,000-per-copyrighted work, respectively.

On January 28, 2002, Lankford, through his attorney, filed a motion for relief from the judgment, pursuant to Fed. R. Civ. P. 60(b). Lankford's counsel alleged that, through no fault of his client, he had failed to submit materials in opposition to Plaintiffs' motion for summary judgment because he mistakenly overlooked the Court's Rule 16(b) order and believed that the Court would set a hearing date on Plaintiffs' motion. On March 4, 2002, the Court granted Lankford's Rule 60(b) motion and afforded him another opportunity to file materials in response to Plaintiffs' dispositive motion. On March 18th, Lankford filed an opposition to Plaintiffs' motion; however, he still did not submit any evidence. Rather, he filed a brief, in which he raised the sole argument that, although he admittedly waived his right to a jury trial, he is entitled to a later hearing by the trier of fact to address all issues pertinent to an award of statutory damages under 17 U.S.C. § 504(c).

## II.  DISCUSSION

17 U.S.C. § 504(c)(1) states in relevant part that

a copyright owner may elect, at any time before final
judgment is rendered, to recover, instead of actual
damages and profits, an award of statutory damages for
all infringements involved in the action, with respect to
any one work . . . a sum of not less than $750 or more
than $30,000 as the court considers just.

Although the above provision specifies that the amount of statutory
damages in an infringement action is to be determined based upon
what the "court" considers just, the Supreme Court has held that
the Seventh Amendment preserves the right to a jury trial on all
issues pertinent to an award of statutory damages under § 504(c),
including the amount itself.   Feltner v. Columbia Pictures
Television, Inc., 523 U.S. 340, 353-55 (1998).  Of course, a party
may waive its Seventh Amendment right to a jury trial if he fails
to make a timely jury request.  Burns v. Lawther, 53 F.3d 1237,
1240 (11th Cir. 1995); LaMarca v. Turner, 995 F.2d 1526, 1544 (11th
Cir. 1993).  Indeed, the Feltner Court itself qualified that a jury
trial on statutory damages under § 504(c) is required only "if a
party so demands" one.   523 U.S. at 355.   Lankford correctly
acknowledges that he has waived his right to a jury trial on issues
regarding statutory damages by his failure to make a timely jury
demand as provided by Fed. R. Civ. P. 38.   See Burns, supra.
Nonetheless, he argues that under the "rationale" of the Feltner
Court, he is entitled to a subsequent hearing by the trier of fact

to address all issues pertinent to an award of statutory damages. The Court disagrees.

To the extent that Lankford is suggesting that a full bench trial is required in every case before a judge awards statutory damages under § 504(c), such a position is foreclosed by the Eleventh Circuit's holding in <u>Cable/Home Communication Corp. v. Network Productions,Inc.</u>, 902 F.2d 829 (11th Cir. 1990). In that case, the court explained that "the great latitude granted the district court's great discretion in awarding statutory damages does not entitle defendant to . . . a bench trial as to an award of damages within the statutory limits of . . . the Copyright Act . . . , provided that the parties may submit all of their supporting evidence to the district court." <u>Accord</u> <u>Morely Music Co. v. Dick Stacey's Plaza Motel, Inc.</u>, 725 F.2d 1, 3 (1st Cir. 1983) ("Although there need not be the kind of hearing required if factual damages were the issue, there must, we think, be either some hearing or sufficient affidavits to give the trial judge an adequate reference base for his judgment.") <u>See also</u> M. Nimmer & D. Nimmer, <u>Nimmer on Copyright</u> § 14.04[B][1][a] (2001) ("In considering the factual basis for a statutory damages award when [a] jury trial has been waived, there need not be a hearing of the sort required for an award of actual damages or defendant's profits. Nonetheless, even in those circumstances, the defendant should be accorded some

hearing on the issue, or sufficient affidavits to give the trial judge an adequate basis for his judgment." (Footnotes omitted)). Cf. <u>United Artists Corp. v. Freeman</u>, 605 F.2d 854, 857 (5th Cir. 1979)[3] (holding that statutory damages under § 504(c) could not be awarded in conjunction with a default judgment "without a hearing or a demonstration by detailed affidavits establishing the necessary facts"). Thus, as long as the parties are afforded an opportunity to present affidavits regarding the relevant facts pertaining to an award of statutory damages, a court generally need not actually hold a hearing on such matters.

It has been noted that the issue of statutory damages is not a matter for decision according to summary judgment principles, because it must be resolved by a discretionary judgment to be resorted to in the absence of sufficient proof of actual damages. <u>Morely Music</u>, 725 F.2d at 2. <u>See also</u> <u>Patterson v. Coughlin</u>, 905 F.2d 564, 570 (2nd Cir. 1990) ("The evaluation of the injury suffered by a plaintiff, unless damages have been liquidated or otherwise stipulated, is normally a question of fact to be decided by the factfinder after trial, not a matter for summary judgment."). Nonetheless, courts have recognized that it may be

---

[3]All decisions of the United States Court of Appeals for the Fifth Circuit handed down prior to the close of business on September 30, 1981 are binding precedent in the Eleventh Circuit. <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

appropriate for a judge to make his determination as to statutory damages in conjunction with the resolution of a motion for summary judgment, so long as the parties have been afforded proper notice and an opportunity to submit their evidence on the underlying facts germane to the award and such evidence gives the judge a sufficient factual basis upon which to make his decision.  See id. at 2-3 & n.2; Blue Seas Music, Inc. v. Fitness Surveys, Inc., 831 F. Supp. 863, 866 (N.D. Ga. 1993).

Here, it was clear from Plaintiffs' motion that they were seeking not only a judgment on liability but also for the Court to make an award of statutory damages.  In furtherance of those objectives, Plaintiffs presented evidence indicating, among other things, the following: (1) that by virtue of public performances of musical works at Dee Fords on July 29 and 30, 2000, Defendants are liable for infringement of eleven copyrights owned by BMI-associated parties; (2) that BMI had made repeated, express written warnings to Defendants that their public performance of musical works within BMI's repertoire without a license from BMI or the copyright holder constituted infringement;(3) that BMI offered on numerous occasions to enter into a licensing agreement with Defendants; (4) that Defendants ignored all of these various warnings and offers, as well as a demand from BMI in April 2000 that Defendants cease public performance of music held by BMI-

associated copyright holders; and (5) that Defendants would have been required to pay BMI licensing fees of $14,361.35 for November 1999 through October 2001.   Lankford was given an opportunity in conjunction with Plaintiffs' motion to present evidence challenging these facts and other events set forth by Plaintiffs.   However, Lankford has failed to do so.   Therefore, the Court concludes that all of the underlying material facts in this case are established and undisputed, meaning not only is Lankford's infringement liability a foregone conclusion, but such also renders unnecessary any further fact-finding hearing on issues relating to an award of statutory damages.   And thus, the Court considers itself free to make an award of statutory damages against Lankford at this time.

As it did in its initial order resolving Plaintiffs' motion, the Court finds that $43,000.00 is an appropriate amount of statutory damages against Lankford under § 504(c), and he is to be held jointly and severally liable with Entertainment Complex to pay that amount.   Such sum amounts to approximately $3,909.09 for each of the 11 musical compositions whose copyrights Defendants were shown to have infringed, placing the award on the relatively low end of the $750-to-$30,000-per-work range permitted by the statute. The sum is also approximately three times the amount of licensing fees that Defendants would have owed to Plaintiffs, which courts have generally upheld as an appropriate sanction to ensure that the

cost of violating the copyright laws is substantially greater than the cost of complying with them.  <u>See</u> <u>Chi-Boy Music v. Charlie Club, Inc.</u>, 930 F.2d 1224, 1229-30 (7th Cir. 1991); <u>Dream Dealers Music v. Parker</u>, 924 F. Supp. 1146, 1153 (S.D. Ala. 1994); <u>Sailor Music v. IML Corp.</u>, 867 F. Supp. 565, 570 (E.D. Mich. 1994); <u>Major Bob Music v. Stubbs</u>, 851 F. Supp. 475, 481 (S.D. Ga. 1994).

Finally, Lankford has not offered any evidence or argument tending to indicate that Plaintiffs are not entitled either to the permanent injunction they seek, prohibiting future infringements, pursuant to 17 U.S.C. § 502(a), nor to an award of costs and reasonable attorney's fees as the prevailing party, pursuant to 17 U.S.C. § 505.  The Court finds that such relief is appropriate in this case and shall be included in the order of judgment against Lankford.

### III.  CONCLUSION

Based on the foregoing, the Court concludes that Plaintiffs' motion for summary judgment (Doc. 11) is due to be **GRANTED** as it pertains to Plaintiffs' claims against Lankford, as the Court has determined that there is no genuine issue of material fact and that Plaintiffs are entitled to a judgment as a matter of law on each of their copyright infringement claims.  The Court further finds at this time that Lankford is due to be held jointly and severally liable with Defendant Entertainment Complex to pay a statutory

damages award of $43,000.00, as well as costs and a reasonable attorney's fee.  A separate order will be entered.

**IT IS SO ORDERED**, this _____ day of April, 2002.


_____
    H. DEAN BUTTRAM, JR.
UNITED STATES DISTRICT JUDGE